IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JERMAIN M. ELY, SR.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO.: |
| | * | 1:17-CV-00267-MU |
| **EASTERN PACIFIC SHIPPING PTE,** | * | |
| **LTD., and DUNFED SHIPPING, INC.,** | * | |
| | * | |
| Defendants. | * | |

**MOTION TO DISMISS, OR IN THE ALTERNATIVE,**
**MOTION FOR MORE DEFINITE STATEMENT**

Defendant Eastern Pacific Shipping PTE., Ltd. ("EPS") respectfully moves the Court to dismiss Plaintiff's Complaint (the "Complaint") pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* for failure to state a claim upon which relief can be granted. Alternatively, EPS moves the Court to order Plaintiff to provide a more definite statement pursuant to Rule 12(e) of the *Federal Rules of Civil Procedure*. In support of this motion, EPS avers as follows:

**INTRODUCTION**

This case arises out of an accident that allegedly occurred onboard the M/V MSC BELLATRIX (the "Vessel") when Plaintiff fell through an entrance way when a "peg broke" while he was unlocking shipping containers. Plaintiff allegedly suffered personal injuries as a result of his fall. At the time of the alleged accident, Plaintiff was employed as a longshoreman by a non-party stevedore. EPS is alleged to be the operator of the Vessel. The rights, obligations, and duties of Plaintiff *vis-à-vis* EPS are therefore defined by §905(b) of the Federal Longshore and Harbor Workers' Compensation Act ("LHWCA"), as interpreted and applied by the United States Supreme Court's decision in *Scindia Steam Navigation Co. Ltd. v. de Los Santas*, 451 U.S.

1

156 (1981) and its progeny. The Complaint fails to allege facts necessary to support any §905(b) claim against EPS. The Complaint also fails to allege which of the *Scindia* duties EPS allegedly breached. As a result, the Complaint is due to be dismissed for failure to state a claim against EPS.

## FACTUAL ALLEGATIONS

Plaintiff's factual allegations are limited, and can be found in paragraph six of the Complaint, titled "FACTS." Paragraph six of the Complaint states:

> Plaintiff would show that this lawsuit has become necessary as a result of personal injuries which he sustained on or about December 30, 2014. On or about December 30, 2014, Plaintiff was employed as a longshoreman to load and unload cargo from the *M/V MSC BELLATRIX*. Defendant, DUNFED SHIPPING INC is the vessel owner and Defendant, EASTERN PACIFIC SHIPPING PTE. LTD is the operator of the vessel. Plaintiff was severely injured when unlocking containers on the vessel, a peg broke and caused Plaintiff to fall backwards through an entrance way falling approximately 8-12 feet on to the lower deck. Plaintiff landed on his feet suffering extensive injuries to his left leg, right foot, back and other body parts in general.

(Complaint, Doc. 1, at ¶ 6). Plaintiff makes no factual allegation concerning EPS's alleged role in causing or contributing to Plaintiff's accident.

## ARGUMENT

**The Federal Pleading Standard**

A complaint is due to be dismissed when the allegations fail to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6). While Rule 8 requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," that statement must give fair notice of the grounds upon which the claim rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). The Supreme Court made it clear that a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the Plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570). The Supreme Court emphasized that a plaintiff's obligation to show that he is entitled to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A court is to "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012). Although a plaintiff need not fully establish a *prima facie* case to overcome a motion to dismiss, he must still "nudge [the] claims…'across the line from conceivable to plausible.'" *Twombly*, 550 U.S. at 570. The Supreme Court explained that Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Twombly*, 550 U.S. at 678-679.

**<u>Duties Owed to Longshoremen</u>**

Plaintiff has sued EPS, as the alleged operator of the Vessel, for injuries he claims he sustained while working on the Vessel as a longshoreman. As such, Plaintiff's negligence claims are governed by §905(b) of the LHWCA. Section 905(b) gives an injured longshoreman a cause of action against a third party vessel owner/operator for its negligence. The statute preempts all other claims by a longshoreman against a vessel. "The remedy provided in this sub-section shall be exclusive of all other remedies against the vessel except remedies available under this chapter." 33 U.S.C. § 905.

3

The LHCWA does not define "negligence." In interpreting the statute, courts have held that a vessel has only certain and exclusive duties to prevent harm to a longshoreman. The scope of vessel negligence under §905(b) is limited to the breach of specific duties described by the United States Supreme Court in *Scindia*. In *Scindia*, the Court emphasized the vessel owner's entitlement to rely upon the longshoreman's stevedore employer, as an expert independent contractor, to conduct cargo operations in a safe manner. The Supreme Court emphasized that any discussion of a vessel's potential liability to a longshoreman must be based upon a recognition of the stevedore's overriding responsibility for the safety of its longshoremen. *See Scindia*, 451 U.S. at 1623. In contrast to the stevedore's primary duty to ensure the safety of longshoremen, the vessel owner's duties are secondary and "narrow." *See Singleton v. Guangzhou Ocean Shipping Co.*, 79 F.3d 26, 28 (5th Cir. 1996).

Within this framework, the Supreme Court in *Scindia* outlined three narrow duties which vessel owners owe to longshoremen under §905(b): (1) the "turn-over duty" relating to the condition of the ship upon the commencement of the stevedoring operations; (2) the duty to exercise reasonable care to prevent injuries to longshoremen in areas remaining under the "active control" of the vessel; and (3) the "duty to intervene," which concerns the vessel's obligations with regard to cargo operations under the principal control of the independent stevedore. *In re Knudsen*, 710 F. Supp. 2d 1252, 1269 (S.D. Ala. 2010) (citing *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 98 (1994).

The turn-over duty has two parts: (1) the duty to exercise ordinary care under the circumstances to turn over the ship in such condition that a competent longshoreman can carry on its operations with reasonable safety; and (2) the duty to warn the longshoreman of latent or hidden dangers which are known to the vessel or should be known to it. *Id.* at 1273-74. The

duty to warn does not include a duty to warn of dangers that would either be open and obvious or which a reasonable competent longshoreman should anticipate encountering. *Id.*

The "active control" duty imposes liability on the vessel for failing to exercise due care to avoid exposing longshoremen to harm from hazards they may encounter in areas, of from equipment, under the active control of the vessel during stevedoring operations. *Id.* at 1271. *Scindia* does not define active involvement in cargo operations, [but] it makes clear that once control over the vessel is relinquished 'primary responsibility for the safety of the longshoreman lies with the stevedore.'" *Miller v. Navalmar (UK) Ltd.*, 685 Fed. Appx. 751, 755 (11th Cir. 2017) (citing *Lampkin v. Athene Transp. Co.*, 823 F.2d 1497, 1501 (11th Cir. 1987).

The so-called "duty to intervene" in the stevedore's operations is imposed upon the vessel owner "where the danger to the longshoreman arises from the malfunctioning of the ship's gear being used in the cargo operations" and the stevedore's acting in an obviously imprudent manner in managing the malfunctioning or defective equipment. *Scindia*, 451 U.S. at 175. The vessel only has "a duty to intervene when it has actual knowledge of a dangerous condition and actual knowledge that the stevedore, in the exercise of 'obviously improvident' judgment, has failed to remedy it." *Miller*, 685 Fed. Appx. at 755 (11th Cir. 2017) (citing *Scindia*, 451 U.S. at 167).

"A breach of one of these duties is actionable only if it is a 'legal cause' of the longshoreman's injury; that is the breach of a duty must have been a 'substantial factor' in the injury." *In re Knudson*, 710 F. Supp. 2d at 1269 (internal citation omitted).

**Plaintiff has Failed to State a Claim Upon Which Relief Can Be Granted**

Plaintiff's Complaint does not state a cause of action against EPS because it does not make factual allegations concerning EPS's role in the alleged accident and does not state which, if any, of the *Scindia* duties is alleged to have been breached.

Rather than provide the requisite factual allegations necessary to support a claim, (*see Iqbal* and *Twombly*), Plaintiff provides a very generic description of how Plaintiff contends he was injured. The Complaint fails to include any factual allegation concerning EPS's alleged role in Plaintiff's accident. The only factual allegation against EPS is that it "is the operator of the vessel." (Complaint, Doc. 1, at ¶ 6). These factual allegations are simply insufficient, and do not comply with the pleading requirements set forth above.

The Complaint also fails to allege which of the *Scindia* duties are at issue in this case. Instead, Plaintiff makes the following conclusory statements concerning EPS's alleged negligent conduct:

> "Specifically, Defendants were negligent in one or more of the following non-exclusive particulars:
>
> - failing to provide a safe place to work;
>
> - failing to follow reasonable and necessary safety precautions in the operation and employment of its equipment and personnel;
>
> - failing to properly secure cargo;
>
> - failing to provide an adequate and properly trained crew;
>
> - failing to provide adequate pegs; and
>
> - any and all other acts of negligence, and/or fault and/or acts or omissions of Defendants and/or any other conditions caused as a result of Defendants' negligence which may be proven at the trial of this matter or discovery prior thereto.

(Complaint, Doc.1, at ¶ 7). Not only are the foregoing conclusory statement unsupported by any factual allegations, they allege duties that EPS did not owe Plaintiff. For example, Plaintiff's allegation that EPS was negligent in "failing to provide a safe place to work," has no legal support, as the Supreme Court has made it clear that a vessel owes no such duty to a longshoreman. In *Scindia*, the Supreme Court explained:

> As a general matter, the ship owner may rely on the stevedore to avoid exposing the longshoreman to unreasonable hazards. Section 41 of the Act, U.S.C. § 941, requires the stevedore, the longshoreman's employer, to provide a "reasonably safe" place to work and to take such safeguards with respect to equipment and working conditions as the Secretary of Labor may determine to be necessary to avoid injury to longshoremen. *The ship is not the common employer of the longshoreman and owes no such statutory duty to them.*

*Scindia*, 451 U.S. at 170 (emphasis added). Plaintiff's conclusory misstatements of the duties owed by EPS to Plaintiff do not support any claim against EPS. EPS is entitled to know, and Plaintiff is required to plead, which of the *Scindia* duties is alleged to have been breached, along with the alleged factual bases of the breach.

In sum, the allegations of Plaintiff's Complaint do not give EPS "fair notice of the grounds upon which" Plaintiff's §905(b) claim rests.

## **CONCLUSION**

The rights and duties *vis-à-vis* Plaintiff and EPS are controlled by §905(b) of the LHWCA as interpreted and applied by *Scindia* and its progeny. Plaintiff's Complaint fails to allege facts to support any §905(b) claim and fails to allege which *Scindia* duty(ies) is at issue. The allegations of the Complaint are insufficient to pass scrutiny under the federal pleading standard. Accordingly, Plaintiff's Complaint is due to be dismissed for failure to state a claim upon which relief can be granted. In the alternative, Plaintiff should be ordered to provide a more definite statement in accordance with Rule 12(e).

WHEREFORE, Defendant EPS respectfully moves the Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, or in the alternative to order Plaintiff to provide a more definite statement.

Respectfully submitted,

*/s/ Paul T. Beckman*
DOUGLAS W. FINK (FINKD3798)
PAUL T. BECKMANN (BECKP0493)
Attorneys for Defendant Eastern Pacific Shipping PTE., Ltd.

OF COUNSEL:
HAND ARENDALL HARRISON SALE LLC
P.O. Box 123
Mobile, Alabama 36601
Tel: 251-432-5511
Fax: 251-694-6375
Email: dfink@handarendall.com
pbeckmann@handarendall.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2018, the foregoing was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Paul T. Beckmann*