# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JERMAIN M. ELY, SR.,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   CIVIL ACTION NO.: |
| | *   1:17-CV-00267-MU |
| **EASTERN PACIFIC SHIPPING PTE,** | * |
| **LTD., and DUNFED SHIPPING, INC.,** | * |
| | * |
| Defendants. | * |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Eastern Pacific Shipping PTE., Ltd. ("EPS") answers Plaintiff's First Amended Complaint as follows:

### A. PARTIES

1. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

2. EPS admits that it manages certain ships and has its principal place of business at the referenced address. EPS admits that it has been served and has appeared in this matter.

3. EPS denies the allegations contained in this paragraph and submits that Dunfed has no place of business at 1 Temasek Avenue, #38-01 Millenia Tower, Singapore 039192.

### B. JURISDICTION AND VENUE

4. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

5. Defendant admits that the incident occurred in Mobile, Alabama. All allegations contained in this paragraph not specifically admitted are denied.

## C. **FACTS**

6. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

7. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

8. EPS denies that Dunfed Shipping, Inc. is the owner of the M/V MSC BELLATRIX. EPS denies that it is the operator of the M/V MSC BELLATRIX. EPS denies that it has any ownership interest in the M/V MSC BELLATRIX.

9. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

10. Denied.

11. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in this paragraph.

## D. **CAUSES OF ACTION**

12. The allegations contained in this paragraph merely make conclusory legal statements. No response to this paragraph is necessary.

13. Section 905(b) and the cases interpreting that Section speak for themselves concerning the duties owed by a vessel to a longshoreman.

    a. Section 905(b) and the cases interpreting that Section speak for themselves concerning the duties owed by a vessel to a longshoreman.

    b. Section 905(b) and the cases interpreting that Section speak for themselves concerning the duties owed by a vessel to a longshoreman.

      c.      Section 905(b) and the cases interpreting that Section speak for themselves concerning the duties owed by a vessel to a longshoreman.

14. Defendant denies that it violated or breached any turnover duty.

15. Defendant denies the allegations contained in this paragraphs and each of its sub-paragraphs.

16. Denied.

17. Section 905(b) and the cases interpreting that Section speak for themselves concerning the duties owed by a vessel to a longshoreman.

18. Denied.

19. Defendant admits that the vessel's crew remained onboard during the cargo operations. All allegations in this paragraph not specifically admitted are denied.

20. Defendant admits that it informs stevedoring companies of known hazards, to the extent known hazards exist, before relinquishing control of the vessel. All allegations contained in this paragraph not specifically admitted are denied.

21. Denied.

22. Section 905(b) and the cases interpreting that Section speak for themselves concerning the duties owed by a vessel to a longshoreman.

23. Denied.

24. Admitted.

25. Denied.

## E. DAMAGES

26. Defendant denies that Plaintiff is entitled to the relief sought in this paragraph and each of its sub-paragraphs.

## F. JURY DEMAND

27. The allegations contained in this paragraph do not require a response.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief sought in the Complaint.

## ADDITIONAL DEFENSES

1. Plaintiff's Complaint and all counts therein fail to state a claim upon which relief can be granted against the Defendant Vessel.

2. Whatever illnesses or injuries sustained by the Plaintiff at the time and place and on the occasion mentioned in the Complaint, if any, were solely caused or contributed to by the negligence, fault, or want of care on the part of Plaintiff and were not caused or contributed to by the negligence, fault, or want of care on the part of Defendant.

3. Plaintiff's injuries or illnesses complained of herein, if any, were not due to any negligence of Defendant. However, even if such grounds of liability are found, Plaintiff was guilty of contributory negligence proximately causing his injury, which is specially pled in mitigation or in bar of the damages he sustained.

4. At all times relevant, the Plaintiff was guilty of misconduct and disobedience of duties, and Plaintiff has thereby waived or is barred from any entitlement to any damages and/or recovery claimed by Plaintiff in his Complaint.

5. The Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 905(b), expressly provides in part as follows: "In the event of injury to a person covered under this Chapter caused by the negligence of a vessel, then such person . . . may bring an action against such vessel. If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in

providing stevedoring services to the vessel." Accordingly, Plaintiff's action against the Defendant is not permitted and is barred.

6. Defendant asserts the provisions of the Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 905(b), which expressly states, as follows: "The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this Chapter." Accordingly, the action(s) alleged by Plaintiff in his Complaint is (are) barred.

7. The injuries and damages complained of by the Plaintiff, if any, were directly and proximately caused, either wholly or in part, by the negligence of persons or entities other than Defendant, and such negligence by such other parties is imputed to Plaintiff by reason of their relationship and comparatively reduces the proportion of negligence and corresponding liability of Defendant, if any, which is denied.

8. Reasonable care was exercised under the circumstances to turn over a reasonably safe vessel, equipment, and workspace so that a reasonably competent stevedore could safely perform cargo operations. Defendant was entitled under the law to presume that the stevedores and longshoremen, including Plaintiff, were reasonably experienced and sophisticated in stevedoring work. The conditions complained of by Plaintiff in his Complaint, if such conditions existed, which is not admitted but denied, were conditions which Plaintiff could and should have avoided as a reasonably experienced and sophisticated stevedore or longshoreman. Accordingly, Plaintiff's claims against Defendant are barred.

9. At all times relevant, Plaintiff was advised, informed, and warned of any potential hazards and/or dangers, if there were any, associated with the normal and foreseeable use,

handling, and operation of the vessel's equipment, including any such items made the basis of Plaintiff's Complaint, and Plaintiff is therefore barred from any relief prayed for.

10. Any loss, injury, or damage incurred by Plaintiff was proximately and legally caused by the negligence or willful acts or omissions of parties over which Defendant had no control and had no right to control, and was not proximately caused by any acts, omissions, or other conduct of Defendant.

11. Plaintiff and Plaintiff's employer(s) knowingly entered into and engaged in the operations, acts, and conduct alleged in the Complaint and voluntarily and knowingly assumed all of the risks incident to said operations, acts, and conduct at the time and place mentioned in the Complaint. Accordingly, Plaintiff's actions against Defendant are barred.

12. Plaintiff's injuries, if any, which are not admitted, if contributed to by any action or inaction by Defendant, which is denied, were solely caused by unforeseeable, independent, intervening and/or superseding events beyond the control of Defendant and unrelated to any conduct of Defendant. Defendant's actions, if any, were superseded by the negligence and wrongful conduct of others.

13. Plaintiff assumed the risk, if any, which caused or contributed to his alleged injuries.

14. The conditions complained of by Plaintiff in his complaint were open and obvious, and, under the circumstances, Plaintiff intentionally and knowingly assumed the risk of said conditions which he could have and should have avoided. Accordingly, Plaintiff's claims against Defendant are barred.

15. Plaintiff has failed to mitigate his damages, if any.

16.     Plaintiff's claims are barred in whole or in part because Plaintiff's injuries or damages, if any, are the result of a pre-existing medical or physical condition.

17.     While Plaintiff's Complaint does not expressly pray for punitive damages, if Plaintiff's prayer is deemed to include punitive damages or Plaintiff later seeks to recover such damages, Defendant reserves the right to assert the following defenses:  the imposition of punitive damages would violate Defendant's rights, among others, for: (1) protection against excessive fines under the Eighth Amendment to the Constitution of the United States and Article 1 Section 15 of the Alabama Constitution; (2) due process and equal protection of the law under the Fifth and Fourteenth Amendments to the Constitution of the United States and Article 1 Sections 6, 13, and 35 of the Alabama Constitution including but not exclusively because (a) the issue of punitive damages will be determined without adequate standards, (b) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (c) penalties can be imposed without the increased burden of proof and other protections required by criminal laws, (d) punitive damages can be assessed in amounts in excess of comparable maximums of criminal laws, and (e) the amount of punitive damages are determined in part by the financial status of the defendant; and (3) punitive damages are not recognized under maritime law under the circumstances of Plaintiff's claims.

                                        Respectfully submitted,


                                        */s/ Paul T. Beckmann*
                                        DOUGLAS W. FINK (FINKD3798)
                                        PAUL T. BECKMANN (BECKP0493)
                                        Attorneys for Defendant Eastern Pacific Shipping PTE., Ltd.

OF COUNSEL:
HAND ARENDALL HARRISON SALE LLC
P.O. Box 123
Mobile, Alabama 36601
Tel:    251-432-5511
Fax:   251-694-6375
Email: dfink@handarendall.com
            pbeckmann@handarendall.com

## CERTIFICATE OF SERVICE

    I hereby certify that on March 21, 2018, the foregoing was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Paul T. Beckmann*